**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | Case No. 10-cr-15-2 |
| v. | ) | |
| | ) | Judge Robert M. Dow, Jr. |
| SARITA LANDRUM. | ) | |

**MEMORANDUM OPINION AND ORDER**

For the reasons set forth below, the Court respectfully denies Defendant Sarita Landrum's motion to defer financial responsibility payments [85].

**STATEMENT**

Defendant Sarita Landrum currently is an inmate at a federal correctional facility in Aliceville, Alabama. She has filed a motion to defer the payment of fine and/or restitution [85], essentially asking the Court to issue an order directing prison officials to stop forcing her to make payments toward her financial obligations. She asserts that prison authorities have imposed on her a payment schedule of $25.00 a month toward those obligations. Although Defendant's motion does not say so, the Court presumes that the Bureau of Prisons has invoked the Inmate Financial Responsibility Program as the basis for its request (or demand) for payment.

If the foregoing facts and assumptions are accurate, the applicable procedural and substantive law on this issue is clear. In *United States v. Boyd*, 608 F.3d 331, 334-35 (7th Cir. 2010), the Seventh Circuit explained that neither the sentencing judge nor the Bureau of Prisons may compel a prisoner to participate in the Inmate Financial Responsibility Program. At the same time, although participation in the program is voluntary, "an inmate in the Bureau of Prisons' custody may lose certain privileges by not participating in the IFRP." *Id*. at 334.

Moreover, the remedy for the wrongful imposition of a financial obligation by the Bureau of Prisons "is through an internal appeal or through a limited judicial review of the BOP's final decision that may be available under the Administrative Procedures Act." *United States v. Ervin*, 2011 WL 972495, at *2 (N.D. Ind. Mar. 17, 2011); see also *United States v. Sawyer*, 521 F.3d 792, 796 (7th Cir. 2008) (noting that "until release" inmate financial obligations "should be handled through the [IFRP] rather than through the court's auspices"). Furthermore, once administrative remedies have been exhausted, any inmate complaints about the BOP's administration of the IFRP are cognizable under 28 U.S.C. § 2241 (see *Matheny v. Morrison*, 307 F.3d 709, 712 (8th Cir. 2002)) and must be filed in the district in which the inmate is confined (see *Moore v. Olson*, 368 F.3d 757, 759 (7th Cir. 2004); 28 U.S.C. § 2241(d)) – here, the Northern District of Alabama. Accordingly, Defendant's motion [123] must be denied. This denial is without prejudice to Defendant pursuing any administrative avenues for seeking relief with the BOP and under the APA.

Dated: October 25, 2013

Robert M. Dow, Jr.
United States District Judge